UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

HARRY BURDICK,                )    2:12-CV-00217-KJD-CWH
                              )
     Plaintiffs,              )
                              )    **ORDER**
vs.                           )
                              )
STATE OF NEVADA, et al.,      )
                              )
     Defendants.              )
_____)

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a motion for leave to file excess pages and a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and has filed an application to proceed in *forma pauperis*.

**I.      Application to Proceed *In Forma Pauperis* (#1)**

Based on the information provided by Plaintiff regarding his financial status, the Court finds that Plaintiff is unable to pre-pay the entire filing fee in this action. *See* 28 U.S.C. § 1915(b)(1).

**II.     Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a

1  complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual
2  allegations, a court should assume their veracity and then determine whether they plausibly give rise to
3  an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a
4  context-specific task that requires the reviewing court to draw on its judicial experience and common
5  sense." *Id.*

6  Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua*
7  *sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based
8  on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or
9  claims of infringement of a legal interest which clearly does not exist), as well as claims based on
10 fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S.
11 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

12 **II.    Screening of the Complaint**

13 Plaintiff claims that his constitutional rights were violated when he was tried and
14 convicted for crimes he previously negotiated dismissal of in exchange for a guilty plea to a lesser
15 charge, exposing him to double jeopardy; that the statute of limitations on the charges has run before he
16 was brought to trial; and that he received ineffective assistance of counsel at trial.  Plaintiff seeks release
17 from confinement and monetary damages.  He names various state officials including the Nevada
18 Attorney General, District Court Judge Diana Sullivan, Clark County District Attorney David Roger and
19 Deputies District Attorney Marsh and Sweeney, Clark County Parole Officers Tanten and Patty and his
20 trial counsel, Alternate Public Defender Hartsell, plus John Does 1-5.

21 The complaint must be dismissed.  Claims, such as those presented in the instant
22 complaint, which attack the validity of plaintiff's conviction, should properly be brought in a petition
23 for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477,487 (1994).
24 ("When a state prisoner seeks damages in a §1983 suit, the district court must consider whether a
25 judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,
26 if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or
27 sentence has already been invalidated.")

28

### III.     Conclusion

Plaintiff's complaint will be dismissed without prejudice as his claims sound in habeas corpus, not civil rights.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the Plaintiff herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *in Forma Pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #13891), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that the Clerk shall detach and file the Motion for Leave to File Longer Complaint, which is **GRANTED,** and the civil rights complaint, which is **DISMISSED without prejudice.** The Clerk shall enter judgment accordingly.

DATED this __15__ day of February, 2012.

_____
UNITED STATES DISTRICT JUDGE